IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs

**MARIA DE LOS ANGELES RIVERA-RANGEL**, a/k/a Angie
ANGEL LUIS OCASIO-RAMOS

Defendants

CRIMINAL 02-0098CCC

# O R D E R

Upon considering defendant María de los Angeles Rivera-Rangel's Motion Waiving Appearance (**docket entry 226**), the Court entered an Order on January 17, 2007 (docket entry 227) setting a hearing for the sole purpose of determining the voluntariness of her absence during the resentencing hearing. Defendant has filed an Urgent Motion Requesting Reconsideration on February 5, 2007 (**docket entry 228**) which does not add anything to her previous motion. It is supported by an affidavit dated February 5, 2007, signed by defendant, which is identical to the one, undated and unsigned, attached to the previous motion.

Fed.R.Crim.P. 43 provides:

Rule 43. Defendant's Presence

(a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:

(1) the initial appearance, the initial arraignment, and the plea;

(2) every trial stage, including jury impanelment and the return of the verdict; and

(3) sentencing.

(b) When Not Required. A defendant need not be present under any of the following circumstances:

(1) Organizational Defendant. The defendant is an organization represented by counsel who is present.

(2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

> (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.
>
> (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. §3582( c).
>
> (c) Waiving Continued Presence.
>
> (1) In General. A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>
> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>
> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or
>
> (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.
>
> (2) Waiver's Effect. If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

United States v. Lawrence, 248 F.3d 300, 304 (4th Cir. 2001), reiterates the well-established principle that voluntariness requires knowing and understanding the waiver. The Court must make a determination, based upon an examination of defendant, regarding the understanding that she has of her right to be present at sentencing and the consequences of such waiver.

While Rule 43(b)(2) allows a defendant to be absent at sentencing for a misdemeanor offense merely with the defendant's written consent, the rule invoked by defendant, Rule 43(c)(1)(B), does not contain this language. As observed by the Court in United States v. Jones, 410 F.Supp.2d 1026, 1031 (D. New Mexico 2005):

> If the drafters of rule 43 intended for a defendant to be able to waive presence under rule 43(c)(1)(B), by written consent, then the drafters could have easily included in that section the same language that is found in rule 43(b)(2). Thus,

> it is doubtful that a defendant can waive presence at sentencing under rule 43()(1)(B) solely by written consent and "voluntarily absent" must require something more.

Defendant's sworn statement does not go beyond a written consent. In order to waive the sentencing-presence requirement of Rule 43(a)(3), the Court must probe into the voluntariness of defendant's waiver as mentioned above.

Accordingly, the Urgent Motion Requesting Reconsideration (**docket entry 228**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on February 9, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge